# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MICHELE LONG, | : | No. 3:17cv231 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| LEBANON COUNTY PROBATION DEPARTMENT, ET AL., | : | |
| Respondents | : | |

## MEMORANDUM

Before the court for disposition is the report and recommendation (hereinafter "R&R") of Chief Magistrate Judge Susan E. Schwab which suggests denial of the instant habeas corpus petition. Petitioner Michele Long has filed objections to the R&R, and the matter is ripe for decision.

**Background**

A Lebanon County Court of Common Pleas jury convicted Petitioner Michele Long (hereinafter "petitioner") of forgery on February 5, 2015. (Doc. 1 Attachment, Counseled Petition for Writ of Habeas Corpus at ¶¶ 1, 2). The criminal case arose from a civil dispute between petitioner and her former commercial landlords from whom she rented space for a tanning salon. (Id. ¶ 5). The civil dispute proceeded to an arbitration hearing, at which petitioner appeared against her landlords. Both parties had different versions of the lease which they alleged governed the dispute. (Id. ¶ 6). The arbitrator agreed with

the landlords that the lease they presented was authentic and that the version presented by petitioner had been altered. (Id.) Both versions of the lease contained a purported signature of one of the landlords, Elefetherios Langonis. (Id.) Evidently, however, the lease contained several pages, and the portion of the lease terms which were altered was not the one that contained the signature.

Nearly five years later, Lebanon County prosecuted petitioner regarding altering/forging the lease. (Id. ¶ 8). The Lebanon County District Attorney charged petitioner with forgery by: altering a writing without authority in violation of 18 PA.C.S.A. § 4101 A1 or signing the name of Eleftherios Langonis without his consent in violation of 18 PA. C.S.A. § 4101 A2. (Doc. 11-3, Criminal Information). As noted above, a jury found petitioner guilty, and the court sentenced her to two years minus one day of probation, a $500 fine and 100 hours of community service. (Doc. 11-10, Sentencing Order).

The matter worked its way through the state court appeals system and eventually petitioner filed a Post Conviction Relief Act petition (hereinafter "PCRA") with the trial court. The petitioner alleged trial counsel's ineffectiveness. The trial court held a hearing on the petition shortly before the petitioner had completed her probation. (Doc. 11-9, PCRA Hr'g Tr.). The trial court denied the petition by order dated March 16, 2017 without issuing a full opinion. (Doc. 11-7).

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 once again raising the issue of ineffective assistance of counsel. (Doc. 1). The Clerk of Court assigned the petition to Chief Magistrate Judge Schwab for the issuance of an R&R. Magistrate Judge Schwab has issued the R&R and she recommends that we deny the petition. Petitioner objects to that recommendation.

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

As noted, petitioner has filed a petition pursuant to Section 2254, which provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)

Thus, the issue we must deal with is whether the Pennsylvania court's ruling on petitioner's PCRA petition is contrary to clearly established federal law. A decision is contrary to clearly established federal law when "the state court (1) applies a rule that contradicts the governing law set forth in Supreme Court precedent or (2) confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that reached by the Supreme Court." (internal quotation marks and citations omitted). Dennis v. Sec'y, Dep't of Corrs., 834 F.3d 263, 280 (3d Cir. 2016).

**Discussion**

The R&R discusses and rejects petitioner's claim that trial counsel performed ineffectively. Here, the petitioner objects to two facets of the R&R. First, she objects to the finding that trial counsel acted reasonably when he failed to present character witnesses. Second, she objects to the magistrate judge's failure to address petitioner's request for a certificate of appealability. We will address these issues in turn.

**I. Character witnesses**

Petitioner claims that her trial counsel performed ineffectively by failing to call character witnesses. The R&R found no merit to this claim, and we agree.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to counsel. The United States Supreme Court has found that " 'the right to counsel is the right to the effective assistance of counsel.' " Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Thus, under Strickland, to prove that his counsel was deficient at trial or sentencing, a defendant must convince the court of two factors, deficient performance by counsel and prejudice from that deficient performance. "First, the defendant must show that counsel's performance was deficient." Id. at 687.

Satisfying the first factor, deficient performance, requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Substandard lawyering is not enough to obtain relief. In assessing an attorney's performance, courts apply a highly deferential level of scrutiny. See Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689). This deference is

afforded because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

To satisfy the second factor of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.  In other words, "the party claiming ineffective assistance 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) (quoting Strickland, 466 U.S. at 694). " 'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings...not every error that conceivably could have influenced the outcome undermines the reliability of the proceeding.' " Id. (quoting Strickland, 466 U.S. at 694). Counsel cannot be held to be ineffective for failing to pursue a meritless issue. Werts v. Vaughan, 228 F.3d 178, 203 (3d Cir. 2000).

Relief under section 2254 for ineffectiveness of counsel is only available to defendants who make adequate showings with respect to both factors of the Strickland test. See Strickland, 466 U.S. at 686.  Accordingly, " 'to merit a hearing, a claim for ineffective assistance of counsel, accepting the veracity of its

allegations, must satisfy both prongs of the Strickland test, deficient counsel and prejudice to the defense.' " Campbell, 515 F.3d at 183 (quoting Wells v. Petsock, 941 F.2d 253, 260 (3d Cir. 1991).

The United States Supreme Court has noted that "[s]urmounting Strickland's high bar is never an easy task." Padilla v. KY, 559 U.S. 356, 371 (2010). "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. . . . Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." Harrington v. Richter, 562 U.S. 86, 105 (2001).

The Pennsylvania standard for ineffectiveness of counsel is the same as that used in federal court. Werts v. Vaughn, 228 F.3d 178 (3d Cri. 2000). Thus, the Pennylvania trial court applied the correct constitutional standard to petitioner's ineffectiveness claim.

As noted above, the instant petition claims that trial counsel acted ineffective in not calling character witnesses to the stand to provide evidence that the petitioner's reputation in the community was one of truthfulness and law

7

abidingness. The R&R suggests that counsel's decision to not use character witness was a valid trial strategy. Moreover, even if it was not a valid strategy, it would not have mattered given the overwhelming evidence of guilt presented by the Commonwealth. Lastly, the R&R indicates that it was valid strategy because bringing in character evidence would have opened up the petitioner to impeachment with prior crimes. The petitioner complains about these three portions of the R&R with respect to the ineffectiveness of counsel claim. She argues the following: 1) counsel's decision was not a valid trial strategy; 2) the Commonwealth did not present overwhelming evidence of the petitioner's guilt; and 3) counsel could not have chosen to forego character witnesses because petitioner's prior crimes could have been admitted – because petitioner did not have any prior crimes. We address these issue in turn.

### a. Trial Strategy

At the PCRA hearing, petitioner's trial counsel indicated that he did not present character witnesses because he has "had a bad history with character witnesses. I had one trial where it really backfired on me. I had another trial where it didn't seem to really make a difference. I am very hesitant to use character witnesses." (Doc. 11-9, Notes of PCRA Hr'g Testimony (hereinafter "N.T.") at 42). He further acknowledged that when a defendant testifies, "credibility is obviously at issue" but he nonetheless does not generally use

8

character witnesses. (Id.) His overall trial strategy was to hold the Commonwealth to their burden of proof, that is, beyond a reasonable doubt. (Id. at 47).

The law provides that:

> To overcome the *Strickland* presumption that, under the circumstances, a challenged action might be considered sound trial strategy, a habeas petitioner must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel or, (2) that the actions could never be considered part of a sound strategy."

Thomas v. Varner, 428 F.3d 491, 499 (3d Cir. 2005).

Here, the first factor is not at issue, and the petitioner has not established the second factor. Rather, she argues that trial counsel may not defend his omission simply by raising the shield of trial strategy and tactics. For this proposition, the petitioner cites to a Seventh Circuit Court of Appeals case, Crisp v. Duckworth, 743 F.2d 580 (7th 1984). Crisp, however, is different from the instant case. In that case, the petitioner raised many claims of inadequate investigation and preparation against trial counsel. In particular, he did not interview or contact a specific witness because he thought without having interviewed her that her testimony would be damaging. Id. at 584. The situation here is different. Trial counsel, as part of his strategy and based upon his experience as a litigator, decided that a whole category of witnesses would be precluded – that is character witnesses. Petitioner has not established that this

9

action could never be considered part of a sound strategy. Accordingly, her argument of ineffectiveness of counsel based on this claim is without merit. It was part of trial counsel's trial strategy to not present character witnesses. We reject petitioner's argument on this ground.

### b. Overwhelming Evidence

As set forth above, to have an ineffectiveness of counsel claim, the petitioner must establish two elements: 1) deficient performance on the part of trial counsel; and 2) prejudice to the petitioner. Petitioner has not established the first element, therefore, we need not address the second argument. But because the magistrate discussed it, we will briefly mention it. This analysis, however, is not critical to our ultimate conclusion.

The R&R indicates that any ineffectiveness of trial counsel did not prejudice petitioner due to overwhelming evidence and petitioner's theory of the facts. (Doc. 18, R&R at 12).

To establish prejudice, "the party claiming ineffective assistance must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) (internal quotation marks and citation omitted) The magistrate judge noted that the PCRA court focused on lack of prejudice because the prosecution presented overwhelming evidence of guilt. Petitioner

now claims that the prosecution did not present "overwhelming evidence" of guilt. We find no error with the magistrate judge's analysis on this point.

At trial various exhibits were admitted, including several leases, the arbitration award, a "Merchandiser" newspaper, and a statement to police regarding a forged lease. Additionally, multiple witnesses testified, six prosecution witnesses, including petitioner's former landlords and their attorney, and one defense witness, the petitioner herself. (Doc. 11-4, Jury Trial Tr.).

The theory of the case, which the PCRA court indicated: "[S]omebody had the foresight to, at the point in time when the [petitioner] had failed to pay them and was still occupying the premises, to break in, to replace the lease" with one which favored *petitioner* in the civil proceedings. (Doc. 11-9, N.T. PCRA Hr'g at 56). The implication being, her opposing party in the civil case broke into her premises, and replaced her copy of lease with the forged one. The forged lease, however, had terms in it more favorable to the petitioner's position and less favorable to the landlords. The landlords would be sabotaging themselves in the civil case, evidently with the aim of eventually having criminal charges filed against the petitioner. A reasonable jury would not have accepted this theory of the case even with the admission of character witnesses. The evidence presented and the lack of a convincing theory of the case from the petitioner

11

leads us to conclude that the R&R is correct in finding that petitioner was not prejudiced by any alleged ineffectiveness of counsel.

### c. Prior Crimes

The last issue is that of "prior crimes". The trial judge mentioned that one of the pitfalls of the defendant presenting character witnesses is that the Commonwealth can then present evidence of the defendant's prior convictions of crimes of dishonesty. (Doc. 11-9, N.T. PCRA H'rg at 59). The magistrate judge mentioned this as a justification for not presenting character witnesses. Defendant objects arguing that petitioner had no criminal history at the time.

We need not address this issue as we found no ineffectiveness on the part of counsel and we do not need an added justification for that finding. We note, however, that at the PCRA stage, the burden is on the petitioner to establish ineffectiveness. Here no proof has been submitted as to whether defendant's record was clear of crimes of dishonesty at the time of the trial. Defense counsel spoke about potential *crimen falsi* and indicated at the PCRA hearing that the only other charge defendant lodged against her had not yet been adjudicated at the time of the trial. The only evidence of this is the statement made by counsel. There was no testimony or criminal history report presented to establish that she had no prior convictions that would have been admissible.

## II. Certificate of appealability

The R&R is silent as to whether a certificate of appealability (hereinafter "COA") should issue in this case. Petitioner objects to this silence and seeks a COA. After a careful review, we find that the issuance of a COA is inappropriate.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a COA, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To meet this standard "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (internal quotation marks and citation omitted). Here, we find that jurists of reason could not disagree with our resolution of the petitioner's constitutional claims. Thus, we will decline to issue a COA.

**Conclusion**

For the reasons set forth above, we find that the state court's adjudication did not result in a decision contrary to or involving an unreasonable application of clearly established federal law or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petitioner's section 2254 petition for a writ of habeas corpus shall be denied. The R&R will be adopted and the

petitioner's objections overruled.  Further, we will decline to issue a COA.  An appropriate order follows.

**Date: May 13, 2019**                    **BY THE COURT:**

                                          **s/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**